**McMANIMON, SCOTLAND**
**& BAUMANN, LLC**
75 Livingston Avenue – 2nd Floor
Roseland, New Jersey 07068
(973) 622-1800
Joshua H. Raymond
*Special Counsel for the City of Atlantic City*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

_____

| | : | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| ERNEST M. HOWARD, | : | Case No. 19-12873(JNP) |
| | : | |
| Debtor. | : | **Hearing Date: July 31, 2019** |
| | : | |
| _____ | : | |

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN BY THE CITY OF ATLANTIC CITY**

The City of Atlantic City (the "City"), by and through its special counsel, McManimon, Scotland & Baumann, LLC, respectfully states and alleges as follows:

1. On February 12, 2019, Ernest M. Howard ("Debtor") filed a voluntary Chapter 13 petition.

2. The Debtor owns certain real property located at 911 Keener Avenue, Atlantic City, New Jersey – Block 642, Lot 26 (collectively, the "Keener Property").

3. The Debtor fails to list the Keener Property on his Schedules.

4. The Debtor fails to refer to the Keener Property and how it will be treated in the Chapter 13 Plan.

5. The City is a creditor of the Debtor by reason of unpaid taxes and other municipal charges owed on the Debtor's property, located at 1918 Magellan Ave., 1916 Magellan Ave. and 1817 Lincoln Ave. and the Keener Property, all in the City.

6. Municipal taxes are a lien against the subject property pursuant to state statutes and accrue interest at the rate of 18% per annum. All municipal charges constitute a first lien against the subject real estate pursuant to N.J.S.A. § 54-5.9.

7. The City is the holder of Tax Sale Certificate 13-00633, dated December 12, 2013 at a cost of $74.58. Debtor failed to pay subsequent taxes and the redemption amount as of May 23, 2019 was $47,568.89.

8. The City filed a Proof of claim in the amount of $48,913.52 on March 8, 2019, plus additional interest to accrue through the date of payment. [Claim no. 6-2].

9. Debtor's proposed Plan of Reorganization fails to provide for the payment in full of the City's claim.

10. Debtor failed to pay post-petition real estate taxes.

11. The collection of real estate taxes and other municipal charges is an essential component of the City's functions. Real estate taxes and municipal charges are used for basic health, safety and welfare provisions including police, fire, safety, parks and recreation as well as for education and for obligations due to the City. Without the prompt collection of real estate taxes and other municipal charges, the City's ability to budget and provide essential services for its residents is severely impacted.

12. Section 1328(a)(5)(B)(ii) of the Unites States Bankruptcy Code states "that with respect to an allowed secured claim, the plan must provide for payment of the "value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; . . ." Section 1328(a)(5)(B)(i)(I) further states that the plan must provide that "the holder of such claim retain the lien securing such claim."

4841-4149-7751, v. 1

13. Debtor's Plan indicates that upon confirmation, the stay is terminated as to surrendered collateral and that the stay be terminated in all respects. The Debtor indicates that he is surrendering 1918 Magellan Ave., 1916 Magellan Ave. and 1817 Lincoln Ave., however the Plan fails to indicate how the Keener Property is to be treated.

14. The Debtor's Plan also fails to provide for payment of the on-going post-petition real estate taxes and other municipal charges.

15. The amount to be paid to the City must be at least as much as it would receive under Chapter 7, 11 U.S.C. §1325(a)(4), and Debtor must demonstrate an ability to make all required payments. 11 U.S.C. §1325(a)(6).

16. Further objection is made in the event that:

    a. Debtor has failed to make all required payments to the Chapter 13 Standing Trustee as required by 11 U.S.C. § 1326;

    b. the Plan fails to comply with the requirements of the Bankruptcy Code, applicable law, and/or is not proposed in good faith;

    c. the value of the property to be distributed to the City is less than the allowed amount of the City's claim;

    d. the proposed Plan is not feasible;

    e. the proposed Plan does not provide for the City to retain its lien rights; and

    f. the Debtor failed to make payments for post-petition real estate taxes and/or municipal liens.

17. If Debtor modifies the Plan to provide for full payment to the City and further makes payment of all post-petition taxes and other municipal charges and demonstrates an ability to make all required payments and any modified plan is otherwise in accordance with the law, the City will accept the Plan as modified.

4841-4149-7751, v. 1

**WHEREFORE**, the City respectfully requests that the Plan not be confirmed and that the Debtor's Chapter 13 petition be dismissed, unless said Plan is modified to comply with the aforementioned deficiencies.

                                                      **McMANIMON, SCOTLAND
& BAUMANN, LLC**
*Special Counsel for the City of Atlantic City*

                                                      By: /s/ *Joshua H. Raymond*
                                                            Joshua H. Raymond

Dated: May 28, 2019